UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 05-20595-CIV-UNGARO-BENAGES

CORPORATE FINANCIAL, INC.,
and JOHN O'DAY,
    Plaintiffs /Counterdefendants,

v.

PRINCIPAL LIFE INSURANCE COMPANY,
    Defendant / Counterplaintiff.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court upon the following motions: (1) Defendant Principal Life Insurance Company's Motion for Leave to Amend Affirmative Defenses to Assert Statute of Frauds (3/10/06, D.E. 113); (2) Plaintiffs' Motion for Leave to File an Amended Complaint Including Request for Punitive Damages (3/10/06, D.E. 119); and (3) Plaintiffs' Motion Requesting Jury Instruction Regarding Permissible Adverse Inference Resulting from Destruction of Critical Files by Principal Life (3/10/06, D.E. 127).

THE COURT has considered the motions, the pertinent parts of the record, and is otherwise advised in the premises. These motions have been fully briefed, and are now ripe for adjudication.

I. *Defendant's Motion for Leave to Amend Affirmative Defenses*

Defendant Principal Life Insurance Company ("Principal Life") seeks leave to amend it answer to assert the Statute of Frauds based on Plaintiffs disclosure that they intend to seek damages based on a bonus allegedly owed from 2002 through 2005. On April 6, 2006, Plaintiffs Corporate Financial, Inc. ("CFI") and John O'Day ("O'Day") filed a notice with the Court that they have no objection to the amendment. Accordingly, Principal Life's answer will be amended to include the following affirmative defense: "20. Plaintiffs' claims are barred in whole or in part by the applicable Statute of Frauds."

II. *Plaintiffs' Motion for Leave to File an Amended Complaint Including Punitive Damages*

On March 10, 2006, Plaintiffs CFI and O'Day filed their motion for leave to amend the complaint. The proposed amendment does not add or change any causes of action; rather, it adds a request for punitive damages to Counts II and III of the Amended Complaint, fraudulent inducement and defamation, respectively, based on information they learned during the course of discovery.[1] Importantly, Plaintiffs represent that they seek no additional discovery to pursue their claims for punitive damages.

Principal Life opposes the motion on several grounds including futility and untimeliness. The undersigned is not persuaded by Principal Life's arguments because the sufficiency of Plaintiffs' punitive damages claims can only be determined after full presentation of the evidence and because Plaintiffs have made it clear that they require no additional discovery.

III. *Plaintiffs' Motion Requesting Jury Instruction Regarding Permissible Adverse Inference Resulting from Destruction of Critical Files by Principal Life*

Plaintiffs request an adverse inference jury instruction based on spoliation of files. Specifically, Plaintiffs contend that Principal Life permitted Dan Castrillon to destroy the contents of files related to Mount Sinai Hospital and BayCare Health System, the contents of which would have been critical to resolve the conflict in testimony between CFI employee Ani Salem and former Principal Life employee Castrillon. Salem contends she delivered accurate claims information to Castrillon at Principal Life's Delray Beach office, while Castrillon claims to have forwarded the complete information he received from CFI to Principal Life's underwriting department in Des Moines, Iowa. Additionally, Plaintiffs argue that Castrillon destroyed files after the filing of this action, and even just a week prior to his deposition, well after he knew or reasonably should have known that the records would be relevant to the litigation.

The jury instruction offered by Plaintiffs reads as follows:

---

[1] Since the filing of the Motion to Amend, the fraudulent inducement claim (Count II) has been dismissed on summary judgment. *See* Order on Mots. for Summary Judgment.

> You have heard testimony about files that have been destroyed. Counsel for Plaintiffs claim that these files were in Defendant's control and would have proven facts material to the matter in controversy. If you find that: (1) the files would have been relevant to the claims made by the Plaintiffs; (2) the records were destroyed; and (3) by the time the records were destroyed the Defendant knew or reasonably should have known they would be relevant in litigation that was reasonably foreseeable, then you may infer that the contents of those destroyed files would be harmful to the Defendant's position in this case. You are not required to draw this inference, but you may.

Pls.' Reply 2.

In response, Principal Life advances the following arguments. First, Principal Life argues that Plaintiffs are not entitled to an adverse inference instruction because the existence and possession of the documents in question are contested. Castrillon testified that he sent all relevant claims history, in its entirety and without alteration, to Principal Life's underwriting department in Des Moines (Castrillon Dep. 31, 108). Principal Life contends, therefore, that it produced all documents it received from CFI by producing documents found in Des Moines at the underwriting department and maintains that clearing out the "shadow file" from the Delray Beach office does not establish that CFI sent accurate claims histories to Principal Life when those documents were not found at the underwriting department. Secondly, Principal Life argues that Plaintiffs are not entitled to an adverse inference instruction because CFI has the means to establish its *prima facie* case without the allegedly destroyed evidence. Finally, Principal Life argues that Plaintiffs have failed to establish bad faith, as would be required to impose the sanction of an adverse inference jury instruction in connection with the destruction of evidence.

There are six elements of a spoliation claim: (1) the existence of a potential civil action; (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action; (3) destruction of that evidence; (4) significant impairment in the ability to prove the lawsuit; (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit; and (6) damages. *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003). Most importantly "Plaintiffs must 'demonstrate that [they] were unable to prove [their] underlying action owing to the unavailability of the evidence." *Id*. at 1308. (quoting *Continental Insurance Co. v. Herman*, 576 So.2d 313, 315 (3rd DCA 1990)).

The Court agrees with Principal Life that Plaintiffs are not sufficiently impaired in their ability to prove its case by any destruction of files.  First, CFI asserts that it has exact copies of all documents it sent to the Delray Beach office.  Additionally, Salem can testify that the documents were in fact sent to the Delray Beach office.  Based on this evidence, a jury can draw its own inferences with respect to the source of the altered claims history.  Therefore, an instruction would be improper under the circumstances. *See, e.g. Jordan ex rel. Shealey v. Masters*, 821 So. 2d 342 (Fla 4th DCA 2002) (adverse inference instruction based on absence of a video tape, the existence of which was disputed, was improper where jury heard witnesses and audio evidence presenting a prima facie case).

Furthermore, the Court notes that Plaintiffs have applied the wrong standard in their Motion and suggested jury instruction.  In the Eleventh Circuit, a finding of bad faith is necessary element to permit an adverse inference instruction. *See Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir.1997) (stating "an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith" such as where the party tampers with the evidence).  Principal Life argues that there is no evidence of bad faith because the record establishes that the files maintained at the Delray Beach office were destroyed in the ordinary course of business[2] and that all essential underwriting files were maintained at the underwriting department in Des Moines.  Principal Life contends that the files Castrillon took with him upon leaving Principal Life, and destroyed a week prior to his deposition, were not related to the case.  Principal Life argues that Castrillon was under no duty to maintain his personal files and there can be no bad faith in throwing them away.  Plaintiffs did not specifically respond to this argument.

---

[2] "Typically paper file [sic] are not maintained at Castrillon's office.  Castrillon's office only maintains one set of general files for the entire office.  No individual employee maintains a separate file.  After a PRINCIPAL LIFE product is purchased, the only documents that are typically maintained in the Castrillon's [sic] office file are the employer application, policy purchased, accepted proposal and amendments to the proposal.  Claims histories are forwarded directly to Underwriting and are maintained there.  Generally duplicate copies are not kept in Castrillon's office." (Def.'s Supplemental Resp. to Pls.' Req. for Docs.)

Having reviewed Castrillon's deposition as well as Principal Life's Supplemental Response to Plaintiffs' Request for Production of Documents, the Court finds that Plaintiffs have not shown that Castrillon destroyed records in bad faith.  Castrillon testified that the Delray Beach files were cleaned in keeping with Principal Life policy, and any inference of bad faith is mitigated by the existence of records produced by Principal Life through its underwriting department.  *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997) (denying adverse inference where "inference of bad faith is undermined by...other...records produced").  Additionally, while there is evidence that Castrillon destroyed personal records following his departure from Principal Life, there is no evidence that those documents were relevant to this action.

Accordingly, Plaintiffs have not shown entitlement to an adverse inference based on any destruction of files, and their motion is denied.

IV. *Conclusion*

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED Principal Life's Motion for Leave to Amend (D.E. 113) is GRANTED.  Principal Life's answer shall be amended to include the following affirmative defense: "20. Plaintiffs' claims are barred in whole or in part by the applicable Statute of Frauds." It is further

ORDERED AND ADJUDGED that Plaintiffs' Motion for Leave to File an Amended Complaint including Request for Punitive Damages (D.E. 119) is GRANTED IN PART.  The Amended Complaint shall contain the request for punitive damages for Count III.

ORDERED AND ADJUDGED that Plaintiffs' Motion Requesting Permissible Adverse Inference (D.E. 127) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of November, 2006.

_____
URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
Magistrate Judge O'Sullivan
counsel of record