UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 05-20595-CIV-UNGARO-BENAGES

CORPORATE FINANCIAL, INC.,
and JOHN O'DAY,
    Plaintiffs /Counterdefendants,

v.

PRINCIPAL LIFE INSURANCE COMPANY,
    Defendant / Counterplaintiff.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS RE: PRINCIPAL'S EXPERT, DAVID J. NYE

THIS CAUSE is before the Court on Plaintiffs' Motion For Leave To File Its Motion To Exclude the Testimony of David J. Nye and Plaintiffs' Motion to Exclude the Testimony of David J. Nye; and upon Plaintiffs' Motion to Compel Documents Relied Upon by Principal's Expert David J. Nye.

THE COURT has considered the motions and the pertinent portions of the record and is otherwise fully advised in the premises. The Motion for Leave is GRANTED. The Motion to Exclude is GRANTED IN PART AND DENIED IN PART, as follows:

*I. Plaintiffs' Motion to Exclude The Testimony of David J. Nye*

Principal Life has retained Professor David J. Nye as its underwriting and damages expert. In that capacity, Principal Life would have Professor Nye testify to the following opinions: (1) Principal Life would not have underwritten certain group coverage for Mt. Sinai and BayCare at the rates charged had he known the true claims experience for those groups; (2) Principal Life suffered total damages consisting of underwriting losses and commission payments in the amount of $2,376,897 as a result of writing the BayCare and Mt. Sinai policies at

the rates charged; and (3) Plaintiff CFI's claim for loss of commission damages is speculative and unreliable.  Plaintiffs seek to strike only opinions (1) and (2).

As to opinion (1), the undersigned agrees that Professor Nye is not qualified to state the proffered opinion.  Professor Nye has no underwriting experience, (Nye Rep. p. 19), he has never been qualified previously as an expert with respect to underwriting (Nye Rep. p. 22) and the insurance courses that he teaches only incidentally address underwriting. (Nye Dep. p. 10-11) The undersigned also agrees that his underwriting opinion is unreliable. The opinion was formed without regard to Principal Life's underwriting guidelines and actual underwriting practices. (Nye Dep. p. 65)  It also is substantially based on the opinions of Mark Buster, whose lay opinion testimony has been excluded, and the opinions of other Principal Life employees. *See, Am.Key Corp. v. Cole Nat'l Corp.*, 762 F.2d 1569 (11th Cir. 1985)(expert opinions cannot ordinarily be based on the opinions of others, whether those opinions are in evidence or not); *Alphamed Pharmaceuticals Corp. v. Arriva Pharmaceuticals, Inc*. 432 F. Supp. 2d 1319, 1357 (S.D. Fla. 2006)(experts may base opinions on measurements or calculations prepared by others, but not the opinions of others); *and U.S. v. Batchelor-Robjohns*, 2005 WL 1761429 (S.D. Fla 2005)("An expert may not blindly rely on the conclusions of another and still meet the reliability requirements of Rule 702 and *Daubert*.").

As to opinion (2), the undersigned disagrees with Plaintiffs that Professor Nye's testimony should be excluded.  First, the Court is satisfied that Professor Nye possesses the qualifications to testify to his damages calculation. Among his other professional qualifications, he is currently Professor of Finance and Insurance at the University of Florida; he has conducted research studies on insurance losses and fraud prevention; he has published numerous articles

relating the economics of the insurance industry, including articles relating to the analysis of insurance risk; and he has testified as an expert witness on a variety of business-related issues, including damages. *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1343 (11th Cir. 2003)(expert properly qualified "by virtue of his extensive education, training and experience"); *United States v. Paul*, 175 F.3d 906, 909-10 (11th Cir.1999) (upholding district court's admission of handwriting expert's testimony based on personal experience and knowledge of general principles in the field over an unreliability objection).

Second, the methodology employed, although not previously used by Professor Nye, is consistent with the methodology described by William D. Hager, Plaintiffs' own expert, and the data upon which he relies appears to be "raw claims and premium data" contained in Principal Life's business records. Plaintiffs' Reply Mem. p. 7. The Court is mindful of the distinction it must maintain between the reliability of the calculation method generally and of Nye's application in this case. *Quiet Technology*, 326 F.3d at 1343 (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 153-54 (1999). The fact that Nye's opinion fails to take investment returns into account goes to the weight of his testimony rather than its competence. *Quiet Technology* 326 F.3d at 1345 ("The identification of such flaws in generally reliable scientific evidence is precisely the role of cross-examination."); *see also In re TMI Litig.*, 193 F.3d 613, 692 (3d Cir.1999)     ("'So long as the expert's testimony rests upon 'good grounds,' it should be tested by the adversary process--competing expert testimony and active cross-examination--rather than excluded from jurors['] scrutiny for fear that they will not grasp its complexities or satisfactory [sic] weigh its inadequacies.'" (quoting *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 85 (1st Cir.1998))); *Wilmington v. J.I. Case Co.*, 793

3

F.2d 909, 920 (8th Cir.1986) ("Virtually all the inadequacies in the expert's testimony urged here by [the defendant] were brought out forcefully at trial .... These matters go to the weight of the expert's testimony rather than to its admissibility.").

Lastly, the Court finds the opinion is relevant since Principal Life is seeking damages on account of the placement of coverage based on incorrect claims histories and that it will assist the trier of fact in assessing on a non-speculative and economically sound basis the amount of damages, if any incurred by Principal Life. *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 591 (1993)(The condition that expert testimony must 'assist the trier of fact' "goes primarily to relevance...Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."). Thus, the Court will deny Plaintiffs' Motion with respect to Opinion 2.

*II. Plaintiffs' Motion to Compel Documents Relied Upon by David J. Nye*

Plaintiffs have also filed a Motion with the Court to Compel the production of an email containing information related to discount rates used by Principal Life in determining investment returns, a component of Nye's damages calculation, pursuant to Fed. R. Civ. P. 26(a)(2)(B) and the Advisory Committee Notes on the Rule, which state "litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions - whether or not ultimately relied upon by the expert - are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." Plaintiffs learned of the email at Nye's deposition on May 11, 2006. Principal Life argues that the contents of the email are confidential attorney-client privileged communications, that the privilege was not waived by inadvertent disclosure, and in any event the requested document was not related to the information relied on

by Nye.[1]

In preparation of Nye's deposition, Principal Life's counsel traveled to Gainesville to meet with Nye. Def.'s Resp. 3. Counsel's office faxed a four page document, including the fax cover sheet and a printed copy of an email chain including the discount rate to Nye's office. The cover sheet states, "Please give the attached to Marilyn Holifield in Professor David Nye's Office." (Def.'s Ex. 2.) During Nye's deposition, he testified that he had seen an email sent to Ms. Holifield about how Principal Life determined its investment returns. (Nye Dep. 166: 12-18.) When Ms. Holifield stated on the record by she was unaware Nye had seen the email (Nye Dep. 175: 12-20), Nye recanted and said "It may be that I have faulty recall on [seeing the email]...It's conceivable that I was told by Ms. Holifield what the rate was." (Nye Dep. 175: 22-25.)

Principal Life argues that inadvertent disclosure to an expert does not waive its privilege and cites to *Kosierowski v. Allstate Ins. Co.*, 51 F. Supp. 2d 583, 596 n.15 (E.D. Pa. 1999). However, in that case the defense expert swore that he did not base his opinion on the information he saw briefly when the attorney showed him a file during his deposition. In this case, Nye specifically requested the discount rate information and his deposition testimony shows that he considered it as part of his opinion. Principal Life argues that he didn't rely on this information because he received it after he had filed his expert report. However, the Court is not persuaded, because there is no dispute that the discount rate is applied to determine investment returns, a component of the damages calculation relied on by Nye.

Accordingly, having carefully considered the parties' arguments, it appears that the

---

[1] Principal Life has submitted a complete copy of the subject email/fax to the Court for *in camera* review.

fax/email, to the extent it contained the discount rates, was a response to a direct request by Nye. Nye relied on the discount rates because the discount rates are a component of the investment return calculation and in turn of the damages calculation contained in his second opinion. Whether he obtained the discount rates from the email or verbally from Ms. Holifield is unclear. Therefore, in an abundance of caution, the Court instructs Principal Life to supply Plaintiffs with a redacted version of the subject fax/email.[2]  The redacted document shall contain the discount rates.  It is hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion to Compel is GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED AND ADJUDGED that Plaintiffs' Motion for Leave to File Motion to Exclude is GRANTED.  It is further

ORDERED AND ADJUDGED that Plaintiffs' Motion to Exclude the Testimony of David J. Nye is GRANTED IN PART AND DENIED IN PART.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of November, 2006.

*/s/ Ursula Ungaro*
URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of Record

---

[2] There is nothing in Nye's deposition to suggest that he relied on anything from the email other than possibly the discount rates.