UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-20595-CIV-UNGARO-BENAGES

CORPORATE FINANCIAL, INC.,
and JOHN O'DAY,

    Plaintiffs/Counter-Defendants,

v.

PRINCIPAL LIFE INSURANCE CO.,

    Defendant/Counter-Plaintiff,
_____/

## ORDER DENYING PRINCIPAL LIFE'S MOTION
## TO STRIKE PRELIMINARY EXPERT REPORT

THIS CAUSE is before the Court upon Principal Life's Motion to Strike Preliminary Expert Report. DE 184. The Court has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

Principal Life moves to strike the Preliminary Expert Report of Maria M. Yip as insufficient under Fed. R. Civ. P. 26(a)(2)(B). *See* DE 184. Further, Principal Life submits that Ms. Yip should be excluded from testifying at trial. *Id*. at 5. Principal Life argues that the Report fails to: (1) provide the basis and reasoning for the expressed opinions; (2) identify and cite to the data and other information considered and relied upon for the opinions; (3) list all publications authored by the witness in the last ten years; and, (4) disclose the compensation to be paid to the witness. *Id*. at 3. In addition, Principal Life notes that the Report was served on the last day by which the parties were to have exchanged their expert reports; this deadline was extended several times. *Id*. at 1-2.

Plaintiffs respond that contrary to the statement included in Principal Life's Motion, its

counsel failed to confer with Plaintiffs' counsel in a good faith effort to resolve the pending issues prior to the filing of the Motion. *See* DE 188 at 1-2. Plaintiffs admit that Ms. Yip did not sign the Report and that it does not include her compensation. *Id*. at 4. In this regard, Plaintiffs' counsel indicates that he immediately contacted Ms. Yip to correct these deficiencies. *Id*. Further, Plaintiffs indicate that Ms. Yip's opinions are based on a number of spreadsheets included in the Report, which assume Plaintiff CFI's full entitlement to the damages claimed for breach of contract. *Id.*

On May 17, 2006, Plaintiffs served a Revised Report. *See* DE 190. The Revised Report is signed by Ms. Yip, indicates that she has not authored any publications in the past ten years, and that compensation of her firm is pursuant to the terms of an engagement letter. *Id.*[1] The Revised Report also includes a list of documents reviewed and relied upon in forming the witness's opinions. *Id*. Pursuant to Fed. R. Civ. P. 26(e), parties are under a duty to supplement incomplete discovery disclosures where the information has not otherwise been made known to the other parties. Although the Revised Report was served sixteen days after the May 1, 2006 deadline, the Court finds that the delayed receipt of the information not included in the original Report does not warrant the harsh relief Principal Life requests; that the Report be stricken and that Ms. Yip be excluded from testifying at trial. The Court notes that Principal Life's counsel had a duty to confer in good faith prior to the filing of the Motion and admittedly did not do so. *See* Fed. R. Civ. P. 37(a)(2)(A); S.D. Fla. L.R. 7.1(A)(3).

The Court first finds that the Motion, to the extent it is directed to Ms. Yip's opinions

---

[1] The engagement letter is not included as part of the Revised Report. To the extent it has not been provided to Principal Life, Plaintiffs' are directed to disclose the expert compensation information contained therein.

concerning lost commission income is moot in light of the Court having granted summary judgment against Plaintiff CFI on that portion of its breach of contract claim. As to her remaining opinions which are concerned with lost bonus income, the Court finds that Plaintiffs have sufficiently disclosed the bases for the opinions and the data on which Ms. Yip relied. Specifically, it is apparent from the spreadsheets concerning lost bonus income that Ms. Yip, a C.P.A., assumed the parties had arrived at an agreement for a 4% persistency bonus based on premium collected from BayCare, Mt. Sinai, National Beverage and Steiffel Laboratories, that she calculated the total premiums that Principal Life would have received on the placements through their expiration, used arithmetic to arrive at 4% of the total premium, and then added interest at the statutory rate to arrive at a present value.[2]  *See* DE 188 at 4; DE 190 (Revised Report and attached spreadsheets).

      Accordingly, it is

      ORDERED AND ADJUDGED that Principal Life's Motion (DE 184) is DENIED.

      DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of November, 2006.

                                            */s/ Ursula Ungaro*
                                    URSULA UNGARO-BENAGES
                                    UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record

---

[2] Ms. Yip's report does not disclose what rate she used for the "statutory rate." Plaintiffs shall disclose that rate to counsel for Principal Life prior to the pre-trial conference.