UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 05-20595-CIV-UNGARO-BENAGES

CORPORATE FINANCIAL, INC.,
and JOHN O'DAY,

    Plaintiffs/Counter-Defendants,

v.

PRINCIPAL LIFE INSURANCE CO.,

    Defendant/Counter-Plaintiff,
_____/

## ORDER GRANTING PLAINTIFFS' MOTION
## TO STRIKE DAMAGES AND/OR LIMIT THE TESTIMONY OF MARK BUSTER

THIS CAUSE is before the Court upon Plaintiffs' Motion to Strike Damages and/or Limit the Testimony of Mark Buster. DE 110. The Court has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

Plaintiffs request an order striking Principal Life's claim for "premium shortfall damages"[1] and/or limiting the testimony of Mark Buster, Principal Life's corporate representative on this issue. *See* DE 110 (Motion); 175 (Reply in Support thereof). The substance of Plaintiffs' argument is that Principal Life is attempting to circumvent the requirements of Fed. R. Evid. 702 by introducing Buster's testimony under Fed. R. Evid. 701. *Id.*[2]

---

[1] As Counter-Plaintiff, Principal Life alleges that it was damaged as a result of "artificially low premiums" it set for the Mt. Sinai and BayCare insurance policies. *See* DE 32 at 17-24; 131 at 3-6. According to Principal Life, these "artificially low premiums" were based on inaccurate information the Plaintiffs provided. *Id*.

[2] Plaintiffs also assert that Buster's testimony fails to satisfy the requirements of Fed. R. Evid. 702 in several respects. The Court does not reach these arguments because Principal Life makes clear in its opposition memorandum that it is relying solely on Rule 701 to obtain admission of Buster's opinions.

Buster is an Underwriting Officer for Principal Life's group life and disability area assigned to a "large case team." *See* DE 162 (Principal Life's Response), Buster Aff. at para. 2; Buster Depo. at 11-12.  He has worked for Principal Life for approximately twenty three years and has a Bachelors of Business Administration degree, with a major in insurance and a minor in finance.  *See* DE 162, Buster Aff. at para. 2.  Buster has been involved in calculating Principal Life's alleged damages during the course of this litigation.  *Id*. at para. 4; DE 162 at 3; Buster Depo. at 13-45, 139-148.  He has formed opinions about Principal Life's alleged damages based on his comparison of the premiums that Principal Life would have received had Plaintiffs provided accurate information for the Mt. Sinai and BayCare[3] groups, and the "artificially low premiums" it actually received based on inaccurate information.  *See* DE 162, Buster Aff. at paras. 11, 14, 20, 28.

Principal Life argues that Buster's testimony is supported by his education, significant underwriting experience and knowledge.  *See* DE 162 at 5, 8.  Principal Life also argues that Buster's testimony is rationally based on his perceptions while reviewing the Mt. Sinai and BayCare files, as well as input from the underwriters responsible for the Mt. Sinai and BayCare policies.  *Id*. at 11-15.  Principal Life further notes that "a lay witness with first-hand knowledge may offer an opinion akin to expert testimony in most cases, so long as the trial judge determines that the witness possesses sufficient and relevant specialized knowledge or experience to offer the opinion."  *Id*. at 16-17 (citing *Asplundh Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Engineering*, 57 F.3d 1190 (3d. Cir. 1995)).  Finally, Principal Life submits that

---

[3] Prior to the filing of this action Buster had conducted various reviews of Principal Life's underwriting of the BayCare policies, and was specifically involved in preparing a premium increase proposal with respect to BayCare's life and disability insurance.  *Id*. at paras.15-19.

Plaintiffs' objections go to the weight of Buster's testimony, not to its admissibility. *Id*. at 17-18 (citing, *inter alia*, *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.*, 320 F.3d 1213 (11th. Cir. 2003)).

In response, Plaintiffs point to the 2000 amendment to Rule 701. *See* DE 175. The rule now provides that:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) *not based on scientific, technical, or other specialized knowledge within the scope of Rule 702*.

Fed. R. Evid. 701 (2000 amendment emphasized). Plaintiffs argue that Buster's testimony is within the scope of Rule 702, not 701. *See* DE 175 at 2-5. In addition, Plaintiffs point to apparent deficiencies in Buster's deposition testimony to underscore that his opinions are not rationally based on witnessed perceptions, as required under Rule 701. *See* DE 175 at 6-9.

The Court finds significant that the testimony at issue herein was conceived during the course of litigation; during this time Buster calculated Principal Life's alleged "premium shortfall damages" in his capacity as Principal Life's corporate representative on this issue. *See* DE 162 at 1, 3; Buster Depo. at 15. Thus, in order to formulate his opinions, Buster was given access to the Mt. Sinai and BayCare underwriting files, although he had no responsibility for the underwriting of these policies. *See* Buster Depo. at 23, 147-48. Then, by relying on the representations of other Principal Life employees,[4] not all of whom were the actual underwriters

---

[4] With respect to the BayCare disability policy, Buster relied on Adam Leighton, an employee of IDR, to ascertain the information upon which the rate was determined. *See* Buster Depo. at 181,184.

3

for the policies, and reasoning backward from what he concluded to be the "final rate" charged for the policies, Buster selectively reviewed financial documents that he concluded were relied upon by the original underwriters, and compared that information to information that was later acquired to determine what the price quotations should have been. *See* Buster Depo. at 25-26, 44, 144-47. Notably, Buster's deposition testimony reveals that the original underwriters had limited participation or input into in his analysis. *Id*. at 23-27, 38, 40-42, 44, 54-55, 98, 148-49. Additionally, Buster conceded at his deposition that underwriting does not consist of the application of straightforward mathematical formulae; rather, it involves judgment and discretion. *Id*. at 35, 60-62, 119-20, 136-39.

Once Buster made a determination of how the Mt. Sinai and BayCare underwriters calculated the "artificially low premiums," he substituted the incorrect information the Plaintiffs allegedly provided with the correct information that was later acquired. *Id*. at 44, 144-47. Principal Life alleges that the difference between what Mt. Sinai and BayCare paid and should have paid based on these figures constitutes its "premium shortfall damages." *Id*. at 130-32, 143-47; DE 126 (Principal Life's Third Supplemental Rule 26 Disclosure). Buster states: "As a result of [Plaintiffs] providing inaccurate information to Principal Life, Principal Life suffered damages in the amount of $86,973 in premiums it would have collected had it charged Mt. Sinai a premium consistent with Mt. Sinai's correct claims history." DE 162, Buster Aff. at paras. 11, 14 (claiming damages of $1,001,267 on BayCare's life insurance), 20 (claiming damages of $1,385,343 on BayCare's disability insurance). Having considered the substance of Buster's expected opinions and inferences, the Court finds that Principal Life may not offer the subject testimony under Rule 701.

First, the Court finds that Buster's testimony, to the extent it represents a damages calculation is, at best, irrelevant and, at most wholly speculative and misleading. His analysis, which is nothing more than a comparison of the rates charged to the rates Buster believes should have been charged, yields a conclusion for which there is simply no basis, other than speculation. As Buster conceded at his deposition, he "had no idea" whether Mt. Sinai would have purchased its group life insurance policy at the higher rate that he calculated. *See* Buster Depo. at 122-123. Also, he fails to account for the role judgment and discretion likely had in the setting of the rates and would have had in the setting of the rates based on the true claims history. Accordingly, Buster's testimony, insofar as it represents a damages calculation, would not be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701.

Second, even if his opinions were not wholesale speculation, Buster does not qualify as a percipient witness qualified to testify on lay opinions. He did not underwrite the Mt. Sinai and BayCare group policies. He relied on what others told him, not even the actual underwriters, and documents he assumed formed the basis for the rates charged to Mt. Sinai and Bay Care. In these circumstances, the Court is not persuaded that Buster's opinions and inferences are "rationally based on [his] perception," or that the basis of his opinions and inferences is not "specialized knowledge within the scope of Rule 702." Buster was able to accomplish his task precisely because of his extensive underwriting experience, training, and knowledge of the insurance field. *See* DE 162 at 5, 8. The fact that he has been designated Principal Life's corporate representative on damages does not mean that under 701, he may study Principal Life's files during the course of litigation to gather information not originally within his knowledge and then form "lay"

opinions and inferences. The Court agrees with Plaintiffs that testimony contrived in this fashion would circumvent the policies behind Fed. R. Evid. 702.

Principal Life cites authority standing for the general proposition that business owners, officers and employees may offer testimony within the scope of Rule 701 where the testimony is based on their particularized knowledge as a result of their position in the business. *See* DE 162 at 8-10 (citing, *inter alia*, *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.*, 320 F.3d 1213, 1216-23 (11th. Cir. 2003) (holding that it was not an abuse of discretion for a judge in a bench trial to admit the testimony of a plaintiff's employees and officers regarding the reasonableness of plaintiff's charges for ship repair services for which the plaintiff sought payment)). The Court has reviewed this line of cases and finds a fundamental distinction from the matter at hand. That is, Buster has no direct contemporaneous knowledge of the specific calculations that resulted in the "premium shortfall damages." Rather, Buster conducted a forensic analysis of the initial underwriting calculations performed by others. Thus, the Court finds that Buster's opinions and inferences with respect to the "premium shortfall damages" are not supported by "particularized knowledge" within the scope and spirit of Rule 701. *See, e.g.*, Fed. R. Evid. 701, Advisory Committee Notes, 2000 Amendments.

With respect to Plaintiffs' Motion to Strike Principal Life's claim for "premium shortfall damages," the Court agrees that to the extent it is based on Buster's damages calculation, it is entirely speculative and legally insufficient. *See, e.g., Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.,* 921 So. 2d 43, 46 (Fla. 3d Dist. Ct. App. 2006); *Safe-T-Lawn, Inc. v. Agricultural Engineering Ass'n*, 235 So. 2d 25, 26-27 (Fla. 3d Dist. Ct. App. 1970). Accordingly, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion to Limit the Testimony of Mark Buster (DE 110) is GRANTED. Buster's trial testimony will be limited in accordance with this ruling. It is further

ORDERED AND ADJUDGED that Plaintiffs' Motion to Strike Damages (DE 110) is GRANTED to the extent Principal Life's "premium shortfall damages" claim is based on Buster's damages calculation.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of November, 2006 .

_____
URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record